J-A15006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ASCENZI | |
| Appellant | No. 1346 MDA 2016 |

Appeal from the Judgment of Sentence July 13, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-SA-0000158-2016
CP-40-SA-0000159-2016

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED AUGUST 02, 2017**

Michael Ascenzi appeals, *pro se*, from the July 13, 2016 judgment of sentence entered in the Luzerne County Court of Common Pleas following his convictions for exceeding the maximum speed, 75 Pa.C.S. § 3362, and driving while operating privilege suspended, 75 Pa.C.S. § 1543(a). We affirm.

The trial court thoroughly summarized the facts underlying this appeal in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, which we adopt and incorporate herein. *See* Opinion, 1/13/17, at 1-3.

On April 12, 2016, Magisterial District Judge ("MDJ") Alexandra Kokura Kravitz, whose district includes Jenkins Township, convicted Ascenzi of the above-referenced offenses. Ascenzi filed a summary appeal with the trial court, which held an evidentiary hearing on July 13, 2016. At the hearing,

Ascenzi challenged MDJ Kravitz's jurisdiction to adjudicate the case, arguing that the arresting officer, Officer Christopher Purcell, should have filed the citations with the MDJ in neighboring Plains Township. At the conclusion of the hearing, the trial court: determined that MDJ Kravitz had jurisdiction; found Ascenzi guilty of both offenses; and sentenced Ascenzi to pay a $1,000 fine plus costs. Ascenzi timely appealed to this Court.

On appeal, Ascenzi asserts that the trial court erred in concluding that MDJ Kravitz had jurisdiction to adjudicate his traffic citations.[1] Ascenzi contends that because Officer Purcell stopped Ascenzi's vehicle in Plains Township, Officer Purcell should have filed the citations with the MDJ in Plains Township. We disagree.

Pennsylvania Rule of Criminal Procedure 130 provides: "All criminal proceedings in summary and court cases shall be brought before the issuing

---

[1] In his statement of questions involved, Ascenzi also purports to challenge the legality of his sentence, **see** Ascenzi's Br. at 3, an issue not raised in his Rule 1925(b) statement of errors complained of on appeal. Although the legality of a sentence is generally a non-waivable issue, we find Ascenzi's sentencing claim waived because he failed to develop it in a manner making meaningful appellate review possible. **See Commonwealth v. Love**, 896 A.2d 1276, 1287-88 (Pa.Super. 2006) (finding legality of sentence claim waived for appellant's "fail[ure] to present any argument *whatsoever*" in his brief). Ascenzi does not discuss the issue in the argument section of his brief, nor did he address it during oral argument before this Court. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

authority **for the magisterial district in which the offense is alleged to have occurred** or before an issuing authority on temporary assignment to serve such magisterial district . . . ." Pa.R.Crim.P. 130(A) (emphasis added).

Here, the evidence established that Ascenzi committed the traffic offenses within the boundaries of Jenkins Township and, thus, within MDJ Kravitz's district. Officer Purcell testified that State Road 315 traverses approximately 500-600 feet through Jenkins Township and that Ascenzi was traveling on that portion of State Road 315 when he committed the offenses. N.T., 7/13/16, at 5, 10. The trial court, as the factfinder, credited Officer Purcell's testimony. *See id.* at 16-17. Therefore, we conclude that MDJ Kravitz had jurisdiction over Ascenzi's citations under Rule 130(A).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2017

Circulated 07/21/2017 12:42 PM

TCO A75006-17

# IN THE COURT OF COMMON PLEAS
## OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA : 

      v. :    CRIMINAL DIVISION

MICHAEL J. ASCENZI : 

      Defendant :   NO. 158-SA-2016
          :      159-SA-2016

## OPINION

### FACTUAL AND PROCEDURAL HISTORY:

This matter comes before the Court pursuant to an appeal from a summary appeal hearing held on July 13, 2016.

After a hearing before the Court, Michael J. Ascenzi ("Defendant") was convicted of Maximum Speed Limits, 75 Pa. C.S.A. § 3362 and Driving While Operating Privilege is Suspended or Revoked, 75 Pa. C.S.A. § 1543(a).

Officer Christopher Purcell, Jenkins Township Police Department testified that he has been a police officer with the Jenkins Township Police Department for thirty (30) years. (Notes of Transcript from July 13, 2016 Hearing ("N.T."), p. 4, II. 8-13). At the Jenkins Township Police Department, Officer Purcell's duties include general patrol, criminal investigation and traffic enforcement. (N.T., II. 15-20).

On January 11, 2016, at approximately 2:48 a.m., Officer Purcell observed a red pickup pull out of Coccia's Body Shop full of auto body parts. (N.T., p. 4, II. 24-25, p. 5, I. 1). Coccia Body Shop is located in Laflin Borough which is served by the Pennsylvania State Police and borders Jenkins Township. (N.T., p. 5, II. 1-8). Officer Purcell testified that he was aware of recent thefts from Coccia Body Parts and generally he goes through the area for

patrol while getting from one side of Jenkins Township to the other. (N.T., p. 5, ll. 3-7). Officer Purcell contacted the Pennsylvania State Police through Luzerne County 911 to advise the State Police as to what he saw and to ask if they wanted the vehicle pulled over. (N.T., p. 5, ll. 7-11). While waiting for a response from Luzerne County 911, Defendant's vehicle entered Jenkins Township. (N.T., p. 5, ll. 12-17). Officer Purcell clocked the vehicle at traveling at a speed of 56.9 miles per hour in a posted 45 mile per hour zone. (N.T., p. 5, ll. 17-19).

Officer Purcell activated his lights and siren and pulled the vehicle over. (N.T., p. 5, ll. 20-21). The Pennsylvania State Police contacted Officer Purcell to notify him that they were in route to handle the situation in Laflin Borough. (N.T., p. 5, ll. 1-8). Officer Purcell approached the vehicle and informed Defendant why he was stopped. (N.T., p. 6, ll. 2-3). Defendant admitted to taking the items from Coccia's Body Shop that were in the back of his vehicle. (N.T., p. 6, ll. 2-6). Officer Purcell further informed Defendant that the Pennsylvania State Police were in route to handle the auto body parts situation because that was not in his jurisdiction. (N.T., p. 6, ll. 5-7).

Officer Purcell than ran Defendant's information through the Luzerne County 911 system and he was informed that Defendant's driver's license was under suspension Pennsylvania; however, Defendant did have a valid Florida license. (N.T., p. 6, ll. 8-12). At that time, the Pennsylvania State Police arrived at the scene and the incident was turned over to the State Police in order for Officer Purcell to obtain a certified driving record to obtain the right section for the charge related to the license suspension. (N.T., p. 6, ll. 12-16). Defendant filed the charges in Jenkins Township because the speeding occurred as Defendant drove through Jenkins Township. (N.T., p. 10, ll. 2-8).

2

Officer Purcell further offered the certificate of accuracy indicating that the machine was well within the time for the speed timing device that he operated in order to track Defendant's speed. (N.T., p. 7, ll. 7-10).

The Court found Defendant guilty of Maximum Speed Limits, 75 Pa. C.S.A. § 3362 and Driving While Operating Privilege is Suspended or Revoked, 75 Pa. C.S.A. § 1543(a).

On August 11, 2016, Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania. On that date, Defendant also filed a Concise Statement of Matters of Complaint pursuant to Rule 1925(b). On August 22, 2016, the Court Ordered Defendant to file of record a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) and serve a copy of same upon the Court and District Attorney pursuant to Pa. R.A.P. 1925(b)(1). On September 16, 2016, the Commonwealth filed a Response to Defendant's Concise Statement of Errors Complained of on Appeal.

## QUESTION AT ISSUE:

In Defendant's Concise Statement of Matters of Complaint, Defendant raises the issue:

> Did the trial comit reversable (sic) error of law, by failing to dismiss said citations knowing that the arresting officer lacked proper "jurisdiction" and failed to file said citations in their proper "jurisdiction". Magistrate "Kravitz" of Pittston had no judicial authority to intertain (sic) both citation in their face. The tresh hold (sic) of formal jurisdiction was "Plains" not Pittston, "the closest dispatched magistrate." SEE Pennsylvania's Constitution at Article 5 Section 14. These prior adjudicatios in both courts have violated the Defendant's Due Process rights under Penna's Const, at Art. 1, Sec. 9 and and (sic) U.S. Const. 14th Amendment.

## LAW:

The crux of Defendant's Concise Statement is that Magisterial District Judge Alexandra Kokura Kravitz did not have jurisdiction to adjudicate the citations filed against him. As noted above, Defendant filed the charges in Jenkins Township because the speeding occurred as Defendant drove through Jenkins Township. The Pennsylvania Rules of Civil Procedure provide:

> **(A) Venue.** All criminal proceedings in summary and court cases shall be brought before the issuing authority for the magisterial district in which the offense is alleged to have occurred or before an issuing authority on temporary assignment to serve such magisterial district, subject, however, to the following exceptions:
>
> (1) A criminal proceeding may be brought before any issuing authority of any magisterial district within the judicial district whenever the particular place within the judicial district in which the offense is alleged to have occurred is unknown.
>
> ...
>
> (5) When any offense is alleged to have occurred within 100 yards of the boundary between two or more magisterial districts of a judicial district, the proceeding may be brought in either or any of the magisterial districts without regard to the boundary lines of any county.
>
> ...

Pa. R. Crim. P. 130.

The Rule provides for discretion regarding boundaries in certain circumstances, however, in this case, Magistrate Judge Kokura Kravitz had jurisdiction over the offenses. The offenses were committed in Jenkins Township which is clearly within her district.

4

## CONCLUSION:

After review of the record and Transcript, the Court finds no substantive merit to Defendant's allegations and Defendant was properly found guilty of two (2) summary offenses of Maximum Speed Limits, 75 Pa. C.S.A. § 3362 and Driving While Operating Privilege is Suspended or Revoked, 75 Pa. C.S.A. § 1543(a) in the appropriate jurisdiction. Accordingly, no meritorious issue for appeal exists with regard to Defendant's instant appeal.

**END OF OPINION**